UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

JANE DOE (E.W.),

    Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD.
d/b/a "*Margaritaville at Sea*",

WYNDHAM HOTELS AND RESORTS, LLC,

VIVA RESORTS BY WYNDHAM,

WYNDHAM VIVA FORTUNA BEACH,

XYZ DEFENDANT(S), and

ASSAILANT 1,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff hereby sues Defendants and alleges:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, JANE DOE (E.W.), is a U.S. citizen, and resident and citizen of Missouri.

2. Defendant, CLASSICA CRUISE OPERATOR LTD. ("Classica"), is a foreign entity with its principal place of business in Florida. Classica is the owner and operator of the cruise vessel *Margaritaville at Sea*, of which Plaintiff was a passenger at the time of the subject incident.

3. Defendant, WYNDHAM HOTELS AND RESORTS, LLC ("Wyndham") is a business entity incorporated in Delaware with its principal place of business in New Jersey. Two managing

members of this LLC have New Jersey residency, and one managing member of this LLC has New York residency. Wyndham is amenable to service in Florida via its Florida registered agent: Corporate Creations Network Inc., 801 US Highway 1, North Palm Beach, Fl 33408. Upon information and belief, Wyndham manages and operates co-Defendants, VIVA RESORTS BY WYNDHAM and WYNDHAM VIVA FORTUNA BEACH

4. Defendant, VIVA RESORTS BY WYNDHAM ("Viva") is, upon information and belief, a Dominican Republic entity with an office(s) in Florida. For example, Viva's website has a listed Florida office at: 1200 NW 78 Ave., Suite 110, Miami, FL 33126 and an e-mail of sales@vivaresortsusa.com." Viva co-owns, co-manages and/or co-operates WYNDHAM VIVA FORTUNA BEACH. Upon information and belief, Classica coordinated with Viva and its Miami, Florida office to book Plaintiff's hotel reservation at WYNDHAM VIVA FORTUNA BEACH.

5. Defendant, WYNDHAM VIVA FORTUNA BEACH ("Fortuna Beach") is, upon information and belief, a Bahamian entity with an office in the Bahamas. Fortuna Beach co-owns and/or co-operates the Resort at which Plaintiff became injured. For example, Fortuna Beach employed ASSAILANT 1, further described below. Further, Classica, Viva and Fortuna Beach coordinated to book Plaintiff's hotel reservation at the subject Resort.

6. Defendant(s), XYZ DEFENDANT(S) ("XYZ"), is included to represent the owner(s) and/or operator(s) of the Resort at which Plaintiff became injured, in the event that Plaintiff has not named all responsible owners and operators of the Resort. Plaintiff will promptly serve discovery on Defendants to timely identify all responsible Defendants; and if new Defendants are identified, Plaintiff will promptly amend the Complaint to add parties. Notwithstanding, Defendants, Wyndham, Viva, Fortuna Beach and XYZ DEFENDANT(S) may at times be collectively referred to as the "Resort Defendants" in this case.

7. Defendant, ASSAILANT 1, is the individual employed by the Resort Defendants who sexually assaulted and/or raped the Plaintiff. Plaintiff will promptly serve discovery on Defendants to timely identify ASSAILANT 1; and if ASSAILANT 1 is identified by name, Plaintiff will promptly amend the Complaint to add ASSAILANT 1's real identity.

8. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the parties are completely diverse, and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of the Court, 28 U.S.C. § 1333.

9. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and Florida law, to the extent there is no conflict with General Maritime Law. Plaintiff seeks to apply the General Maritime Law of joint and several liability of Defendants in this case.

10. At all times material hereto, Defendants, personally or through an agent(s):

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Were engaged in substantial business activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

   e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

   f. Defendants were engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Margaritaville at Sea*.

11. Defendants are subject to the jurisdiction of the Courts of this State.

## FACTS COMMON TO ALL COUNTS

12. At all times material hereto, Classica owned, operated, managed, maintained and/or controlled the subject vessel, the *Margaritaville at Sea*.

13. At all times material, Classica operated the *Margaritaville at Sea* in navigable waters.

14. On August 6, 2023, the Plaintiff was a paying passenger to the *Margaritaville at Sea* cruise ship.

15. The subject cruise was a round-trip cruise from West Palm Beach, to the Bahamas and back.

16. As part of Plaintiff's subject cruise, Classica made shoreside hotel arrangements for Plaintiff at the Wyndham Viva Fortuna Beach resort (hereinafter the "Resort") in the Bahamas. Classica undertook a duty to arrange Plaintiff's hotel accommodations at the Resort, above and beyond any duty Classica may have had in contract. For example, Classica actively communicated with Plaintiff to understand her preferences for her vacation, further to Classica recommending, encouraging and selecting the Resort for Plaintiff's cruise. Classica undertook this duty so that it could earn additional fees from Plaintiff while she cruised aboard Classica's cruise vessel.

17. The Resort is owned and/or operated by Defendants, Wyndham, Viva Fortuna Beach and/or XYZ DEFENDANT(S). For example:

    a. Wyndham set the operating standards for the Resort and lends its name to the Resort. Specifically, Wyndham set the security standards and has control over the Resort's General Manager, who is in charge of the Resort's employees and security.

    b. Viva enforces the operating standards for the Resort, including security standards; Viva also coordinates bookings between Wyndham and the downhill property owners (i.e. Fortuna Beach).

    c. Fortuna Beach owns and co-operates the Resort. For example, Fortuna Beach employs personnel to work at the Resort, including ASSAILANT 1.

18. On August 6, 2023, and while at the Resort and on Resort premises, ASSAILANT 1, a Resort employee and member of the Resort's "Bravo" team, sexually assaulted and/or raped Plaintiff (hereinafter the "subject incident"). Specifically, ASSAILANT 1 tracked Plaintiff while she was a guest at the Resort, and when she left her room a night to get a drink of water, ASSAILANT 1 forced Plaintiff into the control room for the Resort's theatre, locked the door, and then raped the Plaintiff.

19. As ASSAILANT 1 was a Resort employee furthering the business of the Resort and the subject cruise, all Defendants are vicariously liable for ASSAILANT 1's negligence in harming Plaintiff.

20. Prior to the subject incident, all Defendants knew or should have known that the Resort was not reasonably safe and/or employees at the Resort had a proclivity for sexual misconduct, because in October 2016, a prior guest at the Resort was raped by several Resort employees, including a security officer:

[*Remainder of this page intentionally left blank; document continues to next page*]



### I was GANG RAPED by staff...

Review of Viva Fortuna Beach by Wyndham - An All-Inclusive Resort

●○○○○ Reviewed Oct 2, 2016  ☐ via mobile

Chloe C
✏️3 👍192

We arrived to the resort so very excited at the week to come, since my honey and I would be getting married here. We were married by someone on the island and the ceremony was beautiful! We even live streamed it on Facebook so our friends and family could see, it was fantastic! The day after, about 24 hours after being married a security officer opened my room door with a key the resort said he would never have and allowed three others in. They all four took turns raping me. When my husband arrived, they scattered. The security gaurd who had just raped me, circled back and was the first on scene. He laughed in my face side by side with the police. I have never felt so disrespected in my life as I did following this innocent, due to the way the staff at the resort reacted. The full story is on Facebook #notok because RAPE is NOT OKAY!!! Please do not stay here, protect your friends and family from this happening to them.
Show less

**Date of stay:** October 2016

**Trip type:** Traveled as a couple

👍 192 Thank Chloe C    🚩

*This review is the subjective opinion of a Tripadvisor member and not of Tripadvisor LLC. Tripadvisor performs checks on reviews as part of our industry-leading trust & safety standards. Read our transparency report to learn more.*

> VivaWFortuna, General Manager at Viva Fortuna Beach by Wyndham - An All-Inclusive Resort, responded to this review
>
> Responded Oct 3, 2016
>
> Dear guest
>
> We are shocked by reports of this tragic occurrence and take allegations of violence very seriously. Our guests' safety is a top concern for us. Please know that we are fully cooperating with local authorities and their investigation. As this is an active investigation, all inquiries should be directed to the Royal Bahamas Police Force.
>
> Respectfully
>
> General Manager
> Viva Wyndham Fortuna Beach
>
> Report response as inappropriate

*This response is the subjective opinion of the management representative and not of Tripadvisor LLC.*

See all 7,038 reviews

Full weblink available here: https://www.tripadvisor.com/ShowUserReviews-g147420-d209619-r424569034-Viva_Fortuna_Beach_by_Wyndham_An_All_Inclusive_Resort-Freeport_Grand_Bahama_Islan.html

21. Classica knew or should have known of this prior incident, as well as the general probability that its cruise passengers who stayed at the Resort would become sexually assaulted and/or raped because before Plaintiff's incident:

   a. Classica frequently took its cruise passengers to the Bahamas and recommended the subject Resort to its passengers, so that Classica could earn a profit, such that Classica was familiar with the subject Resort and its criminal history, or should have been.

   b. Classica actively monitors crime in Freeport, Bahamas (where the Resort is located), or should have, because that is a scheduled port of call for its cruise.

   c. Between 2018-2019, the U.S. State Department issued a travel warning(s) for the Bahamas, specifically including Freeport, Bahamas, where the subject Resort is located, warning that violent crime, including sexual assault, is common, even during the day and in tourist areas. Classica knew or should have known of this warning as it is a U.S.- and Florida-based cruise line that has its cruise ships call at port in Freeport, Bahamas often.

   d. Classica undertook a duty to arrange the Plaintiff's hotel accommodations, and in doing so, did, or should have, researched the Resort's safety, including any prior sexual assault incidents occurring at the Resort. Had Classica reasonably investigated the Resort, Classica did or should have discovered this prior October 2016 incident, realized the Resort was not reasonably safe, and should not have arranged or encouraged Plaintiff's stay at the Resort.

22. The Resort Defendants knew or should have known of this prior incident, as well as the general probability that its guests at the Resort would become sexually assaulted and/or raped by Resort employees because:

   a. The General Manager of the Resort responded to the guest's complaint from the prior October 2016 incident;

   b. The Resort's employees had a habit and/or practice of encouraging alcohol use to Resort guests and/or plying Resort guests with alcohol and tracking them while at the Resort, with a motive to sexually assault and/or rape them if they became vulnerable. Given that the Resort Defendants knew or should have known that their employees were fraternizing with Resort guests in an impermissible way on Resort premises and giving them alcohol, the Resort Defendants knew or should have known of the probability that the Resort Defendants' employees would sexually assault and/or rape Resort guests.

23. The dangerous conditions which directly caused and/or contributed to the subject incident and Plaintiff's resulting injuries include, but are not limited to:

   a. Classica's failure to reasonably warn Plaintiff of prior sexual assaults and/or rapes of guests at the subject Resort, including but not limited to, by Resort employees and/or the prior 2016 incident;

   b. Classica's failure to reasonably warn Plaintiff that the Resort would not or could not provide her with a reasonably safe Resort and/or would provide substandard security on Resort premises;

   c. Classica's failure to reasonably investigate the Resort at which it arranged Plaintiff's stay during the subject cruise;

   d. The Resort Defendants' failure to reasonably warn Plaintiff of prior sexual assaults and/or rapes of guests at the subject Resort, including but not limited to, by Resort employees and/or the prior 2016 incident;

   e. The Resort Defendants' failure to reasonably warn Plaintiff that the Resort would not or could not provide her with a reasonably safe Resort and/or would provide substandard security on Resort premises;

   f. The Resort Defendants' failure to provide reasonable security at the Resort;

   g. The Resort Defendants' failure to adequately investigate its employees for prior sexual misconduct.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST CLASSICA**

The Plaintiff re-alleges, adopts, and incorporate by reference the allegations in paragraphs one (1) through twenty-three (23) as though alleged originally herein, and further alleges:

24.   At all times material hereto, Classica had a duty to provide Plaintiff with reasonable care under the circumstances.

25.   At all times material hereto, it was Classica's duty to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Classica in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit beyond the point of disembarkation.

26. On August 6, 2023, the Plaintiff was participating in the subject cruise and was staying at the subject Resort, which Classica invited and/or reasonably expected Plaintiff to be as Classica arranged Plaintiff's hotel accommodations there.

27. On August 6, 2023, Classica and/or its agents, servants, joint venturers and/or employees breached its duty to warn the Plaintiff through the following conduct:

   a. Failure to reasonably warn Plaintiff of prior sexual assaults and/or rapes of guests at the subject Resort, including but not limited to, by Resort employees and/or the prior 2016 incident;

   b. Failure to reasonably warn Plaintiff of past violent crime and/or the high incidence of violent crime, generally, at the subject Resort and/or in Freeport, Bahamas;

   c. Failure to reasonably warn Plaintiff that the Resort would not or could not provide her with a reasonably safe Resort and/or would provide substandard security on Resort premises;

   d. Failure to reasonably warn Plaintiff that Classica would not reasonably investigate the Resort at which it arranged Plaintiff's stay during the subject cruise.

28. The above conduct directly caused and/or contributed to Plaintiff's injuries because Plaintiff would not have stayed at the subject Resort and become injured had Classica reasonably warned Plaintiff of the information outlined at paragraphs 20-22.

29. As a direct result of the foregoing dangerous conditions to which Plaintiff was exposed and experienced, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II – GENERAL NEGLIGENCE AGAINST CLASSICA

The Plaintiff re-alleges, adopts, and incorporate by reference the allegations in paragraphs one (1) through twenty-three (23) as though alleged originally herein, and further alleges:

30. At all times material hereto, it was Classica's duty to provide Plaintiff with reasonable or ordinary care under the circumstances.

31. On August 6, 2023, Classica and/or its agents, servants, joint venturers and/or employees breached its duty to provide Plaintiff with reasonable or ordinary care under the circumstances, based on the following conduct:

    a. Failure to reasonably investigate the Resort at which it arranged Plaintiff's stay during the subject cruise, including the Resort's employees;

    b. Negligently recommending and/or encouraging the subject Resort to Plaintiff, in view of information Classica knew or should have known as outlined at paragraphs 20-22.

32. As a direct result of the foregoing dangerous conditions to which Plaintiff was exposed and experienced, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST THE RESORT DEFENDANTS

The Plaintiff re-alleges, adopts, and incorporate by reference the allegations in paragraphs one (1) through twenty-three (23) as though alleged originally herein, and further alleges:

33. At all times material hereto, it was the Resort Defendants' duty to provide Plaintiff with reasonable or ordinary care under the circumstances.

34. On August 6, 2023, the Resort Defendants and/or their agents, servants, joint venturers and/or employees, including ASSAILANT 1, breached the duty to provide Plaintiff with reasonable or ordinary care under the circumstances, based on the following conduct:

   a. Failure to provide reasonable security at the Resort;

   b. Failure to adequately investigate its employees for prior sexual misconduct.

35. As a direct result of the foregoing dangerous conditions to which Plaintiff was exposed and experienced, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST THE RESORT DEFENDANTS

The Plaintiff re-alleges, adopts, and incorporate by reference the allegations in paragraphs one (1) through twenty-three (23) as though alleged originally herein, and further alleges:

36. At all times material hereto, it was the Resort Defendants' duty to provide Plaintiff with reasonable care under the circumstances.

37. At all times material hereto, it was the Resort Defendants' duty to warn guests (like Plaintiff) of dangers that were known, or reasonably should have been known, to the Resort Defendants in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

38. On August 6, 2023, the Plaintiff was on Resort premises, which the Resort Defendants invited and reasonably expected Plaintiff to be since she was a guest at the Resort.

39. On August 6, 2023, the Resort Defendants and/or their agents, servants, joint venturers and/or employees, including ASSAILANT 1, breached the duty to warn the Plaintiff through the following conduct:

   a. Failure to reasonably warn Plaintiff of prior sexual assaults and/or rapes of guests at the subject Resort, including but not limited to, by Resort employees and/or the prior 2016 incident;

   b. Failure to reasonably warn Plaintiff of past violent crime and/or the high incidence of violent crime, generally, at the subject Resort and/or in Freeport, Bahamas;

   c. Failure to reasonably warn Plaintiff that the Resort would not or could not provide her with a reasonably safe Resort and/or would provide substandard security on Resort premises;

   d. Failure to reasonably warn Plaintiff that the Resort Defendants did not reasonably investigate their employees for sexual deviance, including ASSAILANT 1.

40. As a direct result of the foregoing dangerous conditions to which Plaintiff was exposed and experienced, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain,

mental anguish, loss of enjoyment of life, disability, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

### COUNT V – NEGLIGENT VACATION PACKAGING AGAINST CLASSICA

The Plaintiff re-alleges, adopts, and incorporate by reference the allegations in paragraphs one (1) through twenty-three (23) as though alleged originally herein, and further alleges:

41. At all times material hereto, Classica made shoreside hotel arrangements for Plaintiff at the Wyndham Viva Fortuna Beach resort (hereinafter the "Resort") in the Bahamas.

42. At all times material, Classica undertook a duty to arrange Plaintiff's hotel accommodations at the Resort, above and beyond any duty Classica may have had in contract. For example, Classica actively communicated with Plaintiff to understand her preferences for her vacation, further to Classica recommending, encouraging and selecting the Resort for Plaintiff's cruise. Classica undertook this duty so that it could earn additional fees from Plaintiff while she cruised aboard Classica's cruise vessel.

43. Plaintiff reasonably relied upon Classica in deciding to participate in the subject cruise and stay at the subject Resort, because Classica was in the business or providing passengers

vacation cruses and packages, for profit; and further, Classica expressly recommended the subject Resort to Plaintiff.

44. It was reasonable for Plaintiff to rely upon Classica to recommend, select and book her stay at the subject Resort because Classica was in the business or providing passengers vacation cruses and packages, for profit; and further, Classica expressly recommended the subject Resort to Plaintiff.

45. Plaintiff's reasonable reliance was detrimental because Plaintiff would not have stayed the subject Resort and become injured had Classica reasonably warned Plaintiff of the information outlined at paragraph 20-22 above.

46. On August 6, 2023, Classica, including its respective employees and/or agents, including ASSAILANT 1, for whom Classica vicariously responsible based upon principles of agency, apparent agency and/or joint venture, failed to act reasonably under the circumstances based upon the following conduct:

   a. Recommending the subject Resort to Plaintiff, while Classica knew, or should have known, of prior sexual assault incidents perpetrated by Resort employees.

   b. Failure to reasonably investigate the Resort at which it arranged Plaintiff's stay during the subject cruise to determine whether the Resort was reasonably safe for Plaintiff, in view of prior sexual assault incidents perpetrated by Resort employees;

   c. Failure to reasonably investigate the employees of the Resort at which it arranged Plaintiff's stay during the subject cruise to determine whether the Resort was reasonably safe for Plaintiff, in view of prior sexual assault incidents perpetrated by Resort employees.

47. The foregoing negligent conduct of NCL and/or PORT, including their respective employees and/or agents, were a direct and proximate cause of Plaintiff's injuries.

48. As a direct result of the foregoing dangerous conditions to which Plaintiff was exposed and experienced, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain,

mental anguish, loss of enjoyment of life, disability, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

### COUNT VI – GENERAL NEGLIGENCE AND/OR INTENTIONAL TORT AGAINST ASSAILANT 1

The Plaintiff re-alleges, adopts, and incorporate by reference the allegations in paragraphs one (1) through twenty-three (23) as though alleged originally herein, and further alleges:

49. At all times material hereto, it was ASSAILANT 1's duty to provide Plaintiff with reasonable or ordinary care under the circumstances.

50. On August 6 2023, ASSAILANT 1 breached the duty to provide Plaintiff with reasonable or ordinary care under the circumstances, based on the following conduct:

   a. Sexually assaulting and/or raping Plaintiff;

   b. Tricking Plaintiff into believe ASSAILANT 1 would assist Plaintiff, but instead, sexually assaulting and/or raping Plaintiff;

   c. Failing to provide Plaintiff reasonable security at the Resort.

51. As a direct result of the foregoing dangerous conditions to which Plaintiff was exposed and experienced, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom,

incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

Dated: June 13, 2024.

    Respectfully submitted,

    LIPCON, MARGULIES,
    & WINKLEMAN, P.A.
    *Attorneys for Plaintiff*
    2800 Ponce de Leon Blvd.
    Suite 1480
    Coral Gables, FL 33134
    Telephone: (305) 373-3016
    Facsimile: (305) 373-6204

By: */s/ Luis Alexander Perez*
    **LUIS ALEXANDER PEREZ**
    Florida Bar No. 125452
    aperez@lipcon.com