**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

|  |  |
|---|---|
| JANE DOE (E.W.),<br><br>                    Plaintiff,<br><br>          v.<br><br>CLASSICA CRUISE OPERATOR, LTD., d/b/a MARGARITAVILLE AT SEA, WYNDHAM HOTELS AND RESORTS, LLC, TMH WORLDWIDE, LLC., WHG CARIBBEAN HOLDINGS, INC., CLUB VIVA INTERNATIONAL, INC., BARBARY BEACH DEVELOPMENT LIMITED d/b/a VIVA FORTUNA BEACH BY WYNDHAM, XYZ DEFENDANT(S), and ASSAILANT 1,<br><br>                    Defendants. | Civil Action No.: 9:24-cv-80738-RLR/BER |

**DEFENDANT, WYNDHAM HOTELS AND RESORTS, LLC'S, MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO
THE *FORUM NON CONVENIENS* DOCTRINE, AND ALTERNATIVELY,
AS AN IMPERMISSIBLE SHOTGUN PLEADING**

Defendant, Wyndham Hotels and Resorts, LLC ("Wyndam Hotels"), by and through undersigned counsel hereby moves this Honorable Court for an order dismissing Plaintiff's Amended Complaint pursuant to the doctrine of *forum non conveniens*, and in support thereof states as follows:

1.      This case involves injuries sustained by Plaintiff, Jane Doe (E.W.) ("Plaintiff"), a Missouri resident, due to an alleged sexual assault that took place in Freeport, Bahamas.

2.      The incident took place on the property of Co-Defendant, Barbary Beach Development Limited d/b/a Viva Fortuna Beach by Wyndham (the "Resort"), a Bahamian entity, which is co-owned, co-managed and/or co-operated by Co-Defendant, Club Viva International, Inc.

("Club Viva"), a Dominican Republic entity. *See* Am. Compl. ¶ 1, 2, 7-8 [DOC 14].

3.      On or about August 6, 2023, Plaintiff was a paying passenger on a round-trip cruise from West Palm Beach to the Bahamas aboard the Margaritaville at Sea Paradise cruise ship owned and operated by Co-Defendant, Classica Cruise Operator, Ltd., d/b/a Margaritaville at Sea ("Margaritaville"). *Id.* ¶¶ 3, 15-18.

4.      As part of the subject cruise, Margaritaville made shoreside hotel arrangements for Plaintiff at the Resort in the Bahamas. *Id.* ¶ 19.

5.      Plaintiff alleges that on or about August 6, 2023, the Resort and/or Club Viva's employee and Co-Defendant, Assailant 1, tracked and sexually assaulted her while she was a guest at the Resort. *Id.* ¶¶ 10, 21-22.

6.      Plaintiff brought this lawsuit against Wyndham Hotels, a Delaware business entity with its principal place of business in New Jersey, for general negligence and negligent failure to warn, alleging that:

> Wyndham, directly or indirectly, granted the Resort permission to use the "Wyndham" trademark to name the Resort, for valuable consideration, in part so that American tourists, like Plaintiff, would feel safe and/or comfortable staying at the Resort. Further, as a condition of Wyndham allowing the Resort to use the "Wyndham" name, Wyndham, directly or indirectly, set "Wyndham" Brand Standards for the Resort to follow in operating the Resort, and Wyndham required the Resort and/or its employees to undertake "Wyndham" training. As such, Wyndham exercised a high degree of control over the Resort and/or its operation.

*Id.* ¶ 4.

7.      Plaintiff brought this lawsuit against TMH Worldwide, LLC ("TMH") and WHG Caribbean Holdings, Inc. ("WHG"), as "subsidiaries of Wyndham Hotels" and for similar reasons as stated in the preceding paragraph. *Id.* ¶¶ 5-6.

8.      Wyndham Hotels, TMH and WHG are separate and distinct business entities incorporated in Delaware with their principal place of business in New Jersey, respectively. *Id.*

9.      Plaintiff further claims that Wyndham Hotels, THM, WHG, Club Viva, and the Resort had "a duty to warn guests of known or reasonably knowable dangers and to provide reasonable security." *Id*. ¶¶ 20, 25-26, 36-38.

10.     Plaintiff asserts that **all Defendants** failed to fulfill these duties, did not adequately investigate employees for prior misconduct, and thus breached their duty of care, resulting in her injuries. *Id* (emphasis added).

11.     At all times material, "[Wyndham Hotels] is the holder of certain Wyndham®, not Trademark Collection® by Wyndham, trademarks and service names and has no relationship, contractual or otherwise, to the owner or operator of the franchised Trademark Collection® by Wyndham facility that is the subject of this lawsuit." Mallet Aff. ¶ 4.

12.     At all times material, the Resort did not use "Wyndham®" trademarks and service names, but instead uses "Trademark Collection® by Wyndham", trademarks and service names. *Id*.

13.     At all times material, Wyndham Hotels has no contractual or other relationship with the Resort, its owner or operator, and disavows liability for Plaintiff's injuries. *Id*.

14.     On April 18, 2023, WHG, as licensor, and Club Viva, as franchisee, entered into a license agreement (the "License Agreement") for the operation of the above-referenced Trademark Collection® by Wyndham Facility. Pursuant to the terms of the License Agreement, Franchisee is permitted to use the Trademark Collection® by Wyndham trademarks and service marks in connection with its operation of the Resort. *Id*. ¶¶ 3-6

15.     Franchisees like the Resort operate independently and are not agents, employees, or representatives of Wyndham Hotels and/or WHG. *Id*.

16.     Plaintiff is not a resident of Florida, and because this incident occurred in the

Bahamas, all evidence and witnesses necessary to prove issues of liability and damages concerning Wyndham Hotels are located outside of Florida. Am. Compl. ¶¶ 1-2.

17.     The plain allegations of the Amended Complaint and the anticipated testimony of Plaintiff, Resort employees (who are not employees of Wyndham Hotels or any of its affiliates), police officers, and witnesses establish that everything about this case touches upon and concerns the Bahamas, not Florida. It is undisputed that Plaintiff was injured in the Bahamas, and due to the alleged actions of a Bahamian employee. It is further undisputed that there are numerous and crucial witnesses who are residents of the Bahamas and physical evidence that is not controlled by Wyndham Hotels and is outside of this Court's jurisdiction.

18.     Litigating this matter in Florida will be expensive, time consuming, prohibitive with respect to evidence and witness access and presentation, taxing on the judicial resources of this Court, involve the application of foreign law, and will unfairly burden jurors in the district with the resolution of a foreign issue and dispute.

19.     Wyndham Hotels moves to dismiss this lawsuit pursuant to the *forum non conveniens* doctrine because: a) maritime law does not apply to the Plaintiff's claims; b) The Bahamas provide an adequate forum for Plaintiff to bring this lawsuit against the necessary parties; c) both the private and public interest factors weigh heavily in favor of dismissal and trial in the Bahamas; and d) Plaintiff can reinstate this suit in the Bahamas without prejudice or inconvenience.

## MEMORANDUM OF LAW

### I.     Maritime Law Does Not Apply to Plaintiff's Claims Against Wyndham Hotels

In conducting a *forum non conveniens* analysis, courts must first determine under choice of-law principles whether United States or foreign law is applicable. *Szmlicz v. Norwegian Am. Line, Inc.*, 698 F. 2d 1192, 1195 (11th Cir. 1983). If United States law applies, then the case should

not be dismissed for *forum non conveniens*. *Id*. If foreign law applies, however, then the Court can exercise discretion in determining whether dismissal pursuant to *forum non conveniens* is appropriate. *Id*. Presently, there is no question that there exists no contractual choice-of-law provision between Plaintiff and Wyndham Hotels. In the absence of a contractual choice-of-law clause, federal courts sitting in admiralty apply federal maritime choice-of-law principles elicited in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S. Ct. 921, 928 (1953).

The *Lauritzen* factors, devised by the United States' Supreme Court for consideration in evaluating whether a plaintiff may sue under the Jones Act, are: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured party; (4) the allegiance of the ship owner; (5) the place of the contract; (6) the accessibility of a foreign forum; and (7) the law of the forum. *Id*. The Court subsequently upheld these factors as being determinative in *Romero* and *Rhoditis*, where it also added the defendant's base of operations to the list of non-exhaustive factors.[1] These three decisions, sometimes referred to as the "Lauritzen Triad", govern choice-of-law, not subject matter jurisdiction, in both Jones Act and American general maritime claims.[2]

The *Lauritzen* factors are neither exhaustive nor meant to be applied mechanically to the facts of each case. *Rhoditis, 398 U.S. at 308-09*. As stated in *Pandazopoulos v. Universal Cruise Line, Inc.*, 365, F. Supp. 208 (S.D. N.Y. 1973) (internal citations omitted).:

> The Lauritzen test is not satisfied by a mechanical counting of contacts. Rather, the court must utilize the seven factors as tools in an evaluative search for substantial contacts between the claim asserted and the United States and its law. A conclusion that the Jones Act or other American law is applicable to a maritime case involving foreign elements is warranted only if, as a result of its search, the court discovers a more than minimal nexus between the claim and the American forum. The contacts found need not be preponderant, but must be substantial.

---

[1] *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 355, 79 S. Ct. 468, 471 (1959); *Helenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 307, 90 S. Ct. 1731, 1733 (1970)
[2] *See Romero*, 358 U.S. at 382, 79 S. Ct. 468; *Cooper v. Meridian Yachts, Ltd*., 575 F. 3d 1151, 1174 (11th Cir. 2009); *Neely v. Club Med Management Svcs., Inc.*, 63 F.3d 166 (3rd Cir. 1995).

Applying the *Lauritzen* factors to the present matter, United States law should not be applied to Wyndham Hotels.

## A.  The Place of the Wrongful Act

There is no dispute whatsoever that the accident in question occurred entirely at the Resort in Freeport, Bahamas. At the time of the accident, the Plaintiff was a guest at the Resort, which is unquestionably under the sovereign jurisdiction of the Bahamas. *See United States v. Louisiana*, 363 U.S. 1, 35, 80 S. Ct. 961, 981 (1960). (Under generally accepted principles of international law, a nation's inland affairs are subject to its complete sovereignty.)

The incident described in Plaintiff's Amended Complaint occurred on land, not on navigable waters. Am. Compl. ¶ 21. The alleged tort did not occur on navigable waterways, was not caused by a vessel in navigation, nor was it committed by a Margaritaville employee. *Id*. Instead, the Amended Complaint describes a land-based tort with no connection to maritime activities. The Resort's business operations are unrelated to traditional maritime activity, and the alleged injury occurred in a land-based setting, failing the connection test for maritime jurisdiction. *See Exec. Jet Aviation v. City of Cleveland,* 409 U.S. 249, 253, 93 S. Ct. 493, 497 (1972). Therefore, this factor weighs against applying United States maritime law to this matter.

## B.  The Law of the Flag

The Resort is a foreign company organized under the laws of the Bahamas. Am. Compl. ¶ 8. Margaritaville has a port of registry in the Bahamas. Club Viva is a Dominican Republic entity. *Id*. ¶ 7. Accordingly, this factor also weighs against the application of United States law to the present matter.

## C.  The Parties' Allegiances

The Plaintiff is a U.S. citizen, and a resident of Missouri. *Id*. ¶ 1. Again, the Resort is a

Bahamian entity and Club Viva is a Dominican Republic entity. *Id.* ¶¶ 7-8. Accordingly, this factor also weighs against application of United States law to the present matter.

### D.  The Place of Contract

This factor is inapplicable to the present matter. There were no transactions, nor does privity exist, between Plaintiff and Wyndham Hotels. However, there is undoubtedly some agreement between the Plaintiff and the Resort relating to her booking and stay at the property which were likely entered into in the Bahamas.

### E.  Accessibility of the Foreign Forum

As discussed in greater detail below, the Bahamas offers an adequate and available forum. Wyndham Hotels is amenable to suit in the Bahamas, will stipulate to waive any time limitation defenses, and will also stipulate to jurisdiction in the appropriate court in the Bahamas. Moreover, the Bahamas is an available forum that provides for adequate remedies at law and is where the dispute between the parties should be litigated. The Bahamian legal system: (1) is similar to the English system; (2) allows access to evidence, witnesses, and relevant sites; (3) permits actions based on negligence and damages in personal injury cases; and (4) supports enforcement of judgments.[3] Accordingly, this factor also weighs against application of United States law to the present matter.

### F.  The Law of the Forum

This litigation is already proceeding in the courts of the United States and this factor is accorded little weight on choice of law issues.[4]

---

[3] *See St. Aubin v. Island Hotel Co. Ltd.*, 1:16- CV-22023, 2017 U.S. Dist. LEXIS 37042, 2017 WL 998298, at *3 (S.D. Fla. Mar. 15, 2017) (citing Morse v. Sun Int'l Hotels Ltd., 2001 U.S. Dist. LEXIS 23488, 2001 WL 34874967, at *2 (S.D. Fla. 2001) (finding that the Bahamas is an adequate alternative forum for plaintiff suing for personal injuries sustained at the Atlantis).
[4] *Carbotrade S.p.A. v. Bureau Veritas*, 99 F.3d 86, 91 (2d Cir. 1996).

### G.  Defendants' Base Operations

In examining the base of operations factor, the Court must look for a substantial relation that would justify the application of U.S. law. *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.,* 350 F. Supp. 2d 987, 990 (S.D. Fla. 2003). The fact that "Wyndham" is in the name of the Resort is insufficient to warrant application of United States law. *Id.* Moreover, the mere fact that the bulk of a company's profits comes from U.S. pockets is insufficient alone to warrant the application of U.S. law. *Sigalas v. Lido Mar., Inc.*, 776 F.2d 1512 (11th Cir. 1985).

Based on the allegations of the Amended Complaint, the Resort is a Bahamian entity with its base of operations located in the Bahamas, the Resort's principal place of business is the Bahamas, it conducts its day-to-day operations there, and its employees are located in the Bahamas. Am. Compl. ¶ 7. Club Viva is a Dominican Republic entity organized and it conducts business in the Bahamas. Id. ¶ 8. Margaritaville has a port of registry in the Bahamas.[5]

Accordingly, there is no question that a majority of the defendants run a substantial base of operations in the Bahamas and outside of the United States. For these reasons this factor weighs against application of United States law to the present matter.

### H.  Totality of the Factors

Of the eight *Lauritzen/Rhoditis* factors, only one (Plaintiffs' domicile) favors the application of maritime law. The other applicable factors all weigh heavily against the application of United States law to Plaintiff's claims against the Defendants. While Plaintiff's domicile may be accorded some weight, when looking at the totality of the analysis of the *Lauritzen/Rhoditis* factors, it is clear that Bahamian law controls Plaintiff's claims. Holding otherwise would render the rationale of *Lauritzen* and *Rhoditis* meaningless and would instead support a paradigm whereby

---

[5] Margaritaville at Sea Paradise, https://en.wikipedia.org/wiki/Margaritaville_at_Sea_Paradise

anytime a U.S. citizen or resident is injured or damaged anywhere in the world, U.S. maritime law would apply, regardless of any other factors.

Further, the presence of Margaritaville in this matter does not demand the application of U.S. maritime law to Plaintiff's claims against other defendants. More particularly, pursuant to the doctrine of *depacage*, "different substantive issues in a single case may have to be resolved under the laws of different states where the choices influencing decisions differ." *Foster v. United States*, 768 F.2d 1278, 1281 (11th Cir. 1985); *Cooper*, 575 F.3d at 1173, n.13 (11th Cir. 2009) ("[I]t may seem anomalous that federal maritime law may have governed Cooper's personal injury action while Dutch law governs certain third party claims that are based on that action, but such outcome is explicitly recognized by the conflict of laws doctrine of decapage."); *Chantier Naval Voisin v. M/Y Daybreak*, 677 F. Supp 1563, 1569 (S.D. Fla. 1988) (while French law applied to in rem admiralty action, the district court's procedures governed admiralty proceeding). Accordingly, even if this Court somehow finds that this matter is properly heard in a U.S. Court and not the courts of the Bahamas, Bahamian law, and not U.S. law, should control such proceedings with respect to the central issues in this case.

Absent an application of maritime law, Plaintiff's assertion of subject matter jurisdiction over Wyndham Hotels is based solely on diversity jurisdiction. Therefore, this Court must apply the significant relationships test. *See Trumpet Vine Investments v. Union Capital*, 92 F. 3d 1110, 1115-16 (11th Cir. 1996) (federal district court sitting in Florida and deciding a tort claim based on diversity jurisdiction must apply "the most significant relationship" test).[6]

---

[6] *See also Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371 (S.D. Fla. 2011); *Campbell v. Starwood Hotels & Resorts Worldwide, Inc.,* No. 07-61744-CIV-COHN/SELTZER, 2008 U.S. Dist. LEXIS 81121 (S.D. Fla. Oct. 14, 2008); *Del Istmo Assurance Corp. v. Platon, No.* 11-61599-CIV-COHN/SELTZER, 2011 U.S. Dist. LEXIS 129906 (S.D. Fla. Nov. 9, 2011).

FIELDS HOWELL LLP | 9155 SOUTH DADELAND BLVD | SUITE 1012 | MIAMI, FL 33156 | T: 786-870-5600 | F: 855-802-5821

The "significant relationship test" as set forth in the *Restatement (Second) of Conflict of Laws § 145* and adopted by the Florida Supreme Court and the Eleventh Circuit states:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in Section 6.
> (2) Contacts to be taken into account in applying the principles of Section 6 to determine the law applicable to an issue include:
>> a) The place where the injury occurred,
>> b) The place where the conduct causing the injury occurred,
>> c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and
>> d) the place where the relationship, if any, of the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.[7]

With respect to personal injury actions, such as the present matter, § 146 states:

> In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in Section 6 to the occurrence and the parties, in which event the local law of the other state will be applied.[8]

The relevant choice-of-law factors clearly demonstrate that the alternative forum of the Bahamas has a more significant relationship with the occurrence and the parties than Florida. The subject accident in the present matter occurred the Bahamas, the majority of witnesses with knowledge relevant to the accident, the subject property, the events leading up to the accident and the accident itself, and Plaintiff medical care, are all located in the Bahamas or Missouri. Additionally, Plaintiff does not live in Florida and has no connection to that forum. Accordingly, in applying the significant relationships test to these facts, there is no question that the Bahamian law controls Plaintiff's claims.

---

[7] Restat 2d of Conflict of Laws, § 145 (2nd 1988); see also *Bishop v. Florida Specialty Paint Co.,* 389 So. 2d 999, 1001 (Fla. 1980); *Trumpet Vine Investments*, 92 F. 3d at 1115-16.
[8] Restat 2d of Conflict of Laws, § 146 (2nd 1988)

## II.     Plaintiff's Amended Complaint Against Must be Dismissed Pursuant to *Forum Non Conveniens* Doctrine

The doctrine of *forum non conveniens* allows a court to dismiss a case if a foreign court is more appropriate and convenient. *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007). While private factors are generally more important, all factors should be considered. *Leon v. Million Air, Inc.*, 251 F.3d 1305. The plaintiff's choice of forum is significant, but less so if it is not their home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 256-57 (1981). Importantly, dismissal is appropriate if the balance of conveniences suggests that trial in the chosen forum is unnecessarily burdensome *Id.,* 454 U.S. at 255 n.23. A court's decision to dismiss on *forum non conveniens* grounds will only be disturbed if it clearly abuses its discretion by failing to reasonably balance all relevant factors.[9]

The facts of this matter are perfectly suited for the Court to exercise the restraint permitted by the *forum non conveniens* doctrine as defined by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and reaffirmed in *Piper Aircraft*, 454 U.S. 235. In analyzing *forum non conveniens* issues, the Eleventh Circuit Court of Appeals has repeatedly stated that trial courts should consider the following elements: 1) The availability of an adequate alternative forum; 2) Whether the private and public factors favor dismissal; and 3) Whether plaintiffs can restate their suit in the alternative forum without undue inconvenience or prejudice.[10] Each of these factors and the specific sub-issues required for the analysis of each element is discussed below and all demonstrate overwhelmingly that this matter should be dismissed so that Plaintiff may re-file in the appropriate forum. Consequently, Plaintiff will not be prejudiced in having this dispute

---

[9] *Klyszcz v. Cloward H20 LLC*, No. 11-23023-Civ, 2012 U.S. Dist. LEXIS 138196 (S.D. Fla. Sep. 26, 2012).
[10] *Leon*, 251 F.3d at 1311 (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 951 (11th Cir. 1997), quoting from *Piper Aircraft*, supra.).

resolved in the Bahamas.

### A.  Adequate Alternative Forum

At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum. *Piper Aircraft* at 254, n.22; *Gulf Oil* at 506-07. A showing that an alternative forum exists requires the moving party to demonstrate that: 1) the alternative forum is available, and the defendant is amenable to process, and 2) that the remedy afforded in the alternative jurisdiction is adequate. *Satz v. McDonnell Douglas Corp.,* 244 F.3d 1279, 1281 (11th Cir. 2001). The standard of adequacy of the alternative forum is low, and it is enough that the parties are not deprived of all remedies and treated unfairly in the alternative forum. *Id*. at 1283. Indeed, it is only in the rare circumstance where the remedy available is so clearly inadequate or unsatisfactory that it is no remedy at all, which is not the case in the present matter. *Piper Aircraft* at 254; *Satz* at 1283. Additionally, although there is a strong presumption in favor of the plaintiff's initial choice of forum, however, that choice is given less deference when the plaintiff is suing outside of his/her home forum.[11]

In the instant case, the Plaintiff is a resident of Missouri. The Plaintiff has no connection whatsoever to Florida and is unable to offer any specific reasons of convenience supporting her forum choice of Florida. As such, their choice of Florida Southern District as their forum for the instant litigation should be discarded or given less deference.

---

[11] *Foster v. Sun Int'l Hotels, Ltd., No. 01-1290-CIV-KING, 2002 U.S. Dist. LEXIS 28475 (S.D. Fla. Feb. 1, 2002)*("though there is ordinarily a strong presumption in favor of the plaintiff's chosen forum, that presumption applies with less force when the plaintiff has chosen to sue in a forum in which he does not reside."); see also, *Robb v. Island Hotel Co.,* No. 18-cv-60544, 2018 U.S. Dist. LEXIS 187320 (S.D. Fla. Oct. 31, 2018) (Presumption of convenience is diminished somewhat, however, when a plaintiff chooses to sue in a forum in which he or she does not reside.)

An alternative forum is available to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred and the defendant is amenable to process in the other jurisdiction. *Leon*, 251 F. 3d at 1311. Here, the Bahamas is an available forum and Wyndham Hotels is amenable to process in the Bahamas in accordance with the prevailing law. *Piper Aircraft* at 254 n. 22. Moreover, this Court has consistently found the Bahamas to be an available and adequate forum for such litigation if the *forum non conveniens* factors weigh in favor of the moving party.[12] *See also Pinder v. Moscetti,* 666 F. Supp. 2d 1313, 1318 (S.D. Fla. 2008) (holding "[c]ourts are generally 'reluctant' to hold an alternative forum inadequate").

## B.  Private Interest Factors

Once a court has determined that an alternative forum exists to resolve the dispute, the court must next examine and weigh the private interest factors. *Gulf Oil*, 330 U.S. at 508. This Court has identified several private interest factors to evaluate, including:

> (1) the relative ease of access to sources of proof, (2) the ability to obtain witnesses via compulsory processes, (3) the possibility to view the premises, and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive (citation omitted). Furthermore, the residency of material and/or key witnesses and the location of documentation evidence should also be considered.

*Piper Aircraft Co.*, 454 at 255.

### a.  Access To Sources of Proof / Availability of Compulsory Process

Access to evidence has been described by the Eleventh Circuit as perhaps the most important factor for this Court to consider. *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003). The Eleventh Circuit has instructed that this part of the analysis "begins with the elements of the plaintiff's causes of action". *Id*. at p. 1308.

---

[12] *See, e.g., Klyszcz v. Cloward H20 LLC,* No.  11-23023, 2012 WL 4468345, at *3-4 (S.D. Fla. Sept. 26, 2012)*; Haddad v. RAV Bahamas, Ltd.,* No. 05-21013-CIV, 2008 WL 1017743, at *4 (S.D. Fla. April 9, 2008); *Horberg v. Kerzner Int'l Hotels Ltd.,* 744 F. Supp. 2d 1284, 1291 (S.D. Fla. 2007).

While this case involves claims of negligence against both U.S. and foreign corporations, Plaintiff's Amended Complaint clearly establishes that the allegations are premised on events that took place entirely in the Bahamas. Resolving the Plaintiff's allegations with respect to this accident will require: 1) the presentation of the testimony of all eyewitnesses to the accident, all of who are outside of Florida; 2) viewing the accident scene in Freeport, Bahamas; 3) the presentation of testimony from the investigating personnel, paramedics and/or other emergency responders, and all other witnesses with knowledge relevant to the causation, all of who are, again, located in the Bahamas; 4) the presentation and testimony of employees from the Resort, all of who are located in the Bahamas; and 5) the presentation of all witnesses and physical evidence related to Plaintiff's injuries and damages, which are, again, all located in the Bahamas; all of these individuals are not within Wyndham Hotel's control.

The incident occurred in the Bahamas and almost every material witness to the incident is in the Bahamas. The Resort is in the Bahamas. First responder care likely occurred in the Bahamas. In fact, there is no evidence that Plaintiff's obtained any type of medical care in Florida. Additionally, the documents concerning the hotel accommodations are in the Bahamas. These sources of proof are all outside the United States and outside the subpoena power of this Court. Without access to this information and the ability to obtain it in the Bahamas, Wyndham Hotels will be prejudiced in defending the allegations made against them, and accordingly, the Amended Complaint should be dismissed.

Furthermore, it cannot legitimately be argued that the overwhelming ease of access to sources of proof relevant to this litigation is not located in the Bahamas. Conversely, there is no reasonable argument that access to source of proof in Florida is comparable to the access to such proof in the Bahamas.

### b.  No Availability to View the Scene

The ability to view an accident site is a factor which impacts the private interest analysis. It is only logical that the trial should be conducted in a forum that is closer to the site of the accident when the accident site and liability issues related to the accident site are critical to the evidentiary matters relating to the action. S*ee Ryder Truck Rental, Inc. v. Rosenberger,* 699 So. 2d 713 (Fla. 3rd DCA 1997), cert. denied 705 So. 2d 570 (1998).  If this case were to proceed in Florida or anywhere in the United States, it would be prohibitively expensive, a logistical nightmare, and potentially administratively impossible to provide a jury with the ability to view the location where the alleged incident occurred. Therefore, this private interest factor, the inability of a jury to view the subject premises, weighs in favor of dismissal.

### c.  Unavailable Third Parties or Process for Attendance at Deposition or Trial Weighs in Favor of Dismissal

Dismissal should also be granted because most of the witnesses are in the Bahamas. The Federal Rules do not provide a means for compelling Bahamian witnesses to trial in the U.S. A personal injury action by its very nature is witness intensive. A suit with allegations of negligence is going to call into question numerous facts regarding the physical layout of the scene of the accident and the firsthand knowledge of persons familiar with the property where the accident occurred as well as those who saw the events of the accident unfold. Almost all the witnesses with direct knowledge about this incident are located in the Bahamas and are subject only to the authority of a Bahamian court. These individuals include resort employees, the employees who provided security for the Resort, the employees who provided Plaintiff with initial first aid, first responders and the medical and hospital personnel who treated Plaintiff after the incident.

This Court cannot compel the attendance of Bahamian witnesses who are foreign nationals for trial in Florida, which is a factor that weighs in favor of dismissal of this U.S. action.[13] The inability of Defendants to compel relevant witnesses and/or documents and/or physical evidence in the defense of Plaintiff's claims is one of the most important reasons supporting the Bahamas as the appropriate forum, and weighs heavily in favor of dismissal.[14]

Further, the Plaintiff is unable to identify any Florida witnesses with knowledge of the incident. In fact, the only fact witnesses located in the U.S. appear to be Plaintiff herself, and she is a resident of Missouri. In short, there are no vital witnesses with knowledge of this incident who are in Florida, which weighs in favor of dismissal. *See Perez-Lang*, 575 F. Supp. 2d at 1345. Even if Defendants were able to secure testimony from some of these witnesses, it is unlikely that these witnesses will testify live at a trial in the United States, without significant cost to Defendants and significant hardship to each individual witness. Defendants are entitled to have the trier-of-fact consider the testimony of live witnesses in their case-in-chief.[15] As such, retaining the case in this

---

[13] *See Perez-Lang v. Corporacion de Hoteles, S.A.*, 575 F. Supp. 2d 1345 (S.D. Fla. 2008) (dismissing personal injury lawsuit of U.S. citizen pursuant to doctrine of *forum non conveniens* because critical liability witnesses resided in the Dominican Republic and the court could not compel the testimony of such witnesses), aff'd 325 Fed. Appx. 900 (11th Cir. 2009); *Son v. Kerzner Int'l Resorts, Inc.,* No. 07-61171-CIV, 2008 U.S. Dist. LEXIS 67482 (S.D. Fla. Sep. 5, 2008) (dismissing personal injury claim pursuant to *forum non conveniens* because corporate representatives and resort employees, third party liability witnesses, and the doctors who initially treated the plaintiff were in the Bahamas).

[14] *Ford v. Brown*, 319 F.3d 1302 (11th Cir. 2003) ("Perhaps the most important "private interest" of the litigants is access to evidence."); *Snee v. Sunrise Props.,* No. 06-80614-CIV-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 130745 (S.D. Fla. Mar. 20, 2009)(recognizing that the Eleventh Circuit has deemed the most significant private factor to be considered in the context of a *forum non conveniens* motion is the location of evidence and witnesses).

[15] *Morse v. Sun Int'l Hotels Ltd.,* CASE NO. 98-7451-CIV-JORDAN, 2001 U.S. Dist. LEXIS 23488 (S.D. Fla. Feb. 26, 2001) (dismissing personal injury claim of U.S. citizen pursuant to *forum non conveniens*) ("[T]he live testimony of [key] witnesses for the purposes of presenting demeanor evidence [is] essential to a fair trial.") aff'd 277 F.3d 1379 (11th Cir. 2001); *Birdwell v. Royal Caribbean Cruise,* No. 85-0819-CIV-EPS, 1985 U.S. Dist. LEXIS 24215 (S.D. Fla. Sep. 25, 1985) (dismissing personal injury claim of U.S. resident pursuant to *forum non conveniens*)

forum would create a manifest injustice to Defendants based on the witnesses alone, and this matter should be dismissed on the grounds of *forum non conveniens*.

### d.  A trial in Florida will not be easy, efficient, or economical and these factors also weigh in favor of dismissal.

This case will also necessarily implicate the customs, practices, laws and ordinances of the Bahamas as to the security required at resorts and hotels. Under choice of law principles, it is clear that Bahamian law would be applied to the substantive issues of liability in this case. *See Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). It may be difficult, and potentially prejudicial, for a juror in Florida to apply to the facts in this case to the customs, practices and laws of the Bahamas, which may be different than those here in Florida.

Moreover, the costs of a trial in Florida will be significantly greater than a trial in the Bahamas because the parties will have to spend significant effort convincing witnesses to agree to make the arrangements necessary to travel to Florida to testify. Assuming the witnesses agree and are permitted to travel to Florida, the parties will incur the costs of transportation and lodging. Moreover, the entrance of these witnesses into the United States will have to be approved by the U.S. Consulate Office in the Bahamas and cannot be guaranteed. In summary, all these factors weigh in favor of dismissal and a complete analysis of the private interest factors strongly favors the dismissal of the present case in favor of refiling this action in the Bahamas.

### C.  The Public Interest Factors Favor Dismissal

Like the private interests, public interests so too weigh in favor of dismissal. "The public factors that courts contemplate are administrative difficulties, local interest, application of foreign

---

("[W]henever possible, the trier of fact should be given the opportunity to evaluate live testimony"); *Gulf Oil*, 330 U.S. at 511; *Perez-Lang*, 575 F.Supp.2d at 1351 ("Of all the private interest factors, the relative ability of the forums to compel the attendance of significant unwilling witnesses at the trial often is considered the most important factor, because the presentation of live testimony is essential to a fair trial.") aff'd 325 Fed. Appx. 900 (11th Cir. 2009).

law, and unfairness of imposing jury duty on an unrelated forum." *Klyszcz v. Cloward H20 LLC*, No. 11-23023-civ-Cooke, at *10 (S.D. Fla. Sep. 26, 2012) (citing *Gulf Oil Corp*., 330 U.S. at 508); *Snee v. Sunrise Properties Ltd.*, No. 06-80614-CIV-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 130745, at *9 (S.D. Fla. 2009) (holding "The public factors involve administrative difficulties, the burden on the court, the relative interest of the two forums, and the law governing the case. As part of the public interest inquiry, the court should avoid 'imposing jury duty on residents of a jurisdiction having little relationship to the controversy'"). As this alleged accident took place in the Bahamas, no parties are residents of the forum, and the law governing the case will be Bahamian law, the public interest tips the scales towards dismissal. *Miyoung Son v. Kerzner Int'l Resorts, Inc.,* No. 07-61171-CIV, 2008 U.S. Dist. LEXIS 67482, 2008 WL 4186979, at *7 (S.D. Fla. Sept. 5, 2008)(noting that the application of Bahamian law would "add substantially to the administrative burden" of conducting the trial in South Florida)[16].

In addition, "the Bahamians should decide this case, given their inherent interest in ...attracting and maintaining foreign...vacationers and tourists." *See Snee*, 2009 U.S. Dist. LEXIS 130745, at *22 (citing *Son*, 2008 U.S. Dist. LEXIS 67482, 2008 WL4186979 at *11) (dismissing case for forum non conveniens where Bahamas had the "strongest interest in protecting tourists and visitors from the conduct of its own citizens"). Specifically, as to this District, it is well-settled that this Court has a vigorous docket. *See Klyszcz*, at *10. Also, the fact that the incident did not occur in the Southern District of Florida, witnesses do not live in the Southern District, and no documentation is stored in this District, are factors to be considered when determining if to impose

---

[16] *See also J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F. Supp. 2d 1258, 1276 (M.D. Fla. 2007) (in dismissing action for forum non conveniens, court noted that resolution of plaintiffs' claims would require application of Japanese law); *Warter v. Boston Securities, S.A.*, 380 F. Supp. 2d 1299, 1315 (S.D. Fla. 2004) (taking into account that plaintiffs' claims might require application of Argentinian or Uruguayan law in deciding to dismiss case for forum non conveniens).

jury duty on this community without a connection to the litigation. *Id.* at \*10-11.

Based on the existence of the alternative forum in the Bahamas, the people of Florida have no relation to this case, and the clear and strong interests that the Bahamians have in this matter, public interest combined with private interests' factors, weigh in favor of dismissal for f*orum non conveniens*. As such, Defendant, Wyndham Hotels, respectfully requests this case be dismissed.

### III.    The Amended Complaint Remains an Impermissible Shotgun Pleadings and Should be Dismissed

Plaintiff's pleading technique is not only improper, but also defective. Shotgun pleadings are "flatly forbidden" and should be dismissed.[17] The Complaint is an impermissible "shotgun" pleading because, among other things, it groups differently situated defendants together as "Resort Defendants" and addresses them collectively. Am. Compl. ¶¶ 20, 25-26, 36-43. This fails to meet the minimum standard of Rule 8. Such pleading seems intended to obscure Defendants' different roles and should be dismissed on "shotgun" pleading grounds alone. *See Weiland*, 792 F. 3d at 1320.

At no time does Plaintiff allege what act or failure to act (if any) is specifically attributable to Wyndham Hotels, how any act or failure to act is specifically attributable to Wyndham Hotels, or why any such act would be specifically attributable to Wyndham Hotels. Instead, Plaintiff has wrongfully lumped all "Resort Defendants" together throughout the Amended Complaint and made vague and contradictory allegations. For example, the Amended Complaint alleges that "[t]he Resort Defendants' fail[ed] to provide reasonable security at the Resort." Am. Compl. ¶ 26. The inclusion of Wyndham Hotels as a scatter shot approach to this litigation by the Plaintiff, whether it is to forum shop or for some other purpose, should not be tolerated by the Court.

---

[17] *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F. 3d 1313, 1320 (11th Cir. 2015); *Vibe Micro, Inc. v. Shabanets*, 878 F. 3d 1291, 1295 (11th Cir. 2018).

The United States District Court of Appeals for the Eleventh Circuit has routinely condemned "shotgun" pleadings such as the Plaintiff's Amended Complaint in this matter. *Liebman v. Deutsche Bank Nat. Trust Co.*, 462 Fed. Appx. 876, 879 (11th Cir. 2012.) Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id*. As such, Plaintiff's Amended Complaint should be dismissed.

## <u>CONCLUSION AND REQUEST FOR RELIEF</u>

The Bahamas is the proper forum for the convenience of the parties as this is where the alleged accident occurred and where the majority of witnesses and evidence are located, or at least not in Florida. A change of forum would serve the interest of justice. "[If] the balance of the conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or for the court, dismissal is proper." *Piper*, 454 U.S. at 246 n.23. There would be no inconvenience to Plaintiff as she does not reside in the State of Florida and would presumably be getting on a plane to fly to wherever the location of the forum is for purposes of this litigation and trial.

WHEREFORE, Defendant, Wyndham Hotels and Resorts, LLC, respectfully requests that the Court enter an Order dismissing the Amended Complaint on the ground of *forum non conveniens* and directing the Plaintiff to commence her action in the Bahamas, and alternatively, dismissing this lawsuit as a shotgun pleading, and for any other relief this Court finds just and proper.

*[Certificate of Service Follows on the Next Page]*

Case No.: 9:24-cv-80738-RLR

Date: August 16, 2024                    Respectfully submitted,

*/s/  Tyler E. Sanchez*
Armando P. Rubio (Fla. Bar No. 478539)
Michael J. Redondo (Fla. Bar No. 1002566)
Tyler E. Sanchez (Fla. Bar No. 1018171)
Fields Howell LLP
9155 S. Dadeland Blvd., Suite 1012
Miami, FL 33156
Phone: 786.870.5610
Fax: 855.802.5821
arubio@fieldshowell.com
mredondo@fieldshowell.com
Tsanchez@fieldshowell.com

*Attorneys for Defendant, Wyndham Hotels and Resorts, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Electronic Delivery via CM/ECF day to all counsel of record.

*/s/ Tyler E. Sanchez*
Armando P. Rubio (Fla. Bar No. 478539)
Michael J. Redondo (Fla. Bar No. 1002566)
Tyler E. Sanchez (Fla. Bar No. 1018171)
FIELDS HOWELL LLP
9155 S. Dadeland Blvd., Suite 1012
Miami, FL 33156
Phone: 786.870.5610
Fax: 855.802.5821
arubio@fieldshowell.com
mredondo@fieldshowell.com
Tsanchez@fieldshowell.com