UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Action No.: 9:24-cv-80738-RLR/BER

JANE DOE (E.W.),

               Plaintiff,

           v.

CLASSICA CRUISE OPERATOR, LTD.,
d/b/a MARGARITAVILLE AT SEA,
WYNDHAM HOTELS AND RESORTS,
LLC, TMH WORLDWIDE, LLC., WHG
CARIBBEAN HOLDINGS, INC., CLUB
VIVA INTERNATIONAL, INC., BARBARY
BEACH DEVELOPMENT LIMITED d/b/a
VIVA FORTUNA BEACH BY WYNDHAM,
XYZ DEFENDANT(S), and ASSAILANT 1,

               Defendants.

## DEFENDANT, WYNDHAM HOTELS & RESORTS, LLC'S, REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION [ECF NO. 28]

Defendant, Wyndham Hotels & Resorts, LLC ("Wyndam Hotels"), by and through undersigned counsel, hereby files this Reply to Plaintiff's Response in Opposition to Wyndham Hotel's Motion to Dismiss Plaintiff's Complaint pursuant to the *forum non conveniens* doctrine, or alternatively, as an impermissible shotgun pleading (the "Response"), and in support thereof states as follows:

## INTRODUCTION

1. As explained more fully below, and in Defendants' Motion to Dismiss pursuant to the *forum non conveniens* doctrine this matter can be properly dismissed as the Plaintiff's Response fails to sufficiently establish a basis for the case to remain pending.

2.   The Amended Complaint [ECF No. 14] alleges *inter alia* that:

   a.   All Defendants owned, managed and/or operated the subject resort located in Freeport, Bahamas;

   b.   Plaintiff bought a vacation package from Classica, a cruise liner, which is not owned by Wyndham Hotels or any of its affiliates; and

   c.   On August 6, 2023, and while at the Resort and on Resort premises, ASSAILANT 1, a Resort employee and member of the Resort's "Bravo" team, raped and/or sexually assaulted Plaintiff, using his status as a security provider at the Resort to force Plaintiff into the control room for the Resort's theatre.

3.   Plaintiff's Amended Complaint is premised upon the allegation that Wyndham Hotels had a duty to warn her of the dangers associated with staying at a resort which is not owned, operated, or controlled by Wyndham Hotels. *Id.*

4.   The Amended Complaint asserts General Negligence (Count III) and Failure to Warn (Count IV) against multiple defendants, including Wyndham Hotels, as alleged owner/operators of the subject resort, wherein Plaintiff seeks to recover for her own personal injury damages as a result of the incident. *Id.*

5.   Plaintiff's Amended Complaint should be dismissed in its entirety as it relates to Wyndham Hotels. Contrary to Plaintiffs' allegations, Wyndham Hotels does not and did not own, operate, maintain, or control the subject premises. *See* Decl. of Kendra Mallet at ECF No. 22-1.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### I.   The Amended Complaint Should be Dismissed as to Wyndham Hotels

Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw upon its judicial experience and common

sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). At the outset, the Court should find that Count III and IV lacks sufficient factual content to state a plausible claim for either negligence or negligent failure to warn against Wyndham Hotels.

As an initial matter, Plaintiff cannot state a claim for general negligence or failure to warn based on boilerplate allegations that Wyndham Hotels failed to, among other things, (1) failed to provide reasonable security at the resort; (2) failed to adequately investigate its employees for prior sexual misconduct; (3) failed to reasonably warn Plaintiff of prior sexual assaults and/or rapes of guests at the subject Resort, including but not limited to, by Resort employees and/or the prior 2016 incident; (4) failed to reasonably warn Plaintiff of past violent crime and/or the high incidence of violent crime, generally, at the subject Resort and/or in Freeport, Bahamas; (5) failed to reasonably warn Plaintiff that the Resort would not or could not provide her with a reasonably safe Resort and/or would provide substandard security on Resort premises and (5) failed to reasonably warn Plaintiff that Classica would not reasonably investigate the Resort at which it arranged Plaintiff's stay during the subject cruise.[1] Instead, Plaintiff must plausibly allege facts supporting each element to state a claim.

When considering a motion to dismiss for lack of subject matter jurisdiction, the Court is free to consider matters outside of the pleadings. As stated in *Morrison*:

> "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material

---

[1] ECF No. 22-1 ¶¶ 36-38, 39-43; *Iqbal*, 556 U.S. at 678 (plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully"); *Summers v. Carnival Corp.*, No. 13-23932-CV, 2015 U.S. Dist. LEXIS 180787, 2015 WL 11983231, at *6 (S.D. Fla. Apr. 6, 2015) (granting motion to dismiss "because Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligent hiring, retention and training plausible").

> facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.

*Morrison v. Amway Corp.,* 323 F.3d 920, 925 (11th Cir. 2003), citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

Therefore, when determining whether subject matter jurisdiction exists the Court may consider Kendra Mallet's Declaration to establish the relationship of the parties.

Here, Plaintiff contends that Wyndham Hotels owned, managed and/or operated the subject resort located in Freeport, Bahamas. *Id*. at ¶ 19-20. This contention is wrong. Ms. Mallet's Declaration establishes that Wyndham Hotels does not and has never owned, operated, maintained, or controlled the subject resort. [ECF No. 22-1]. When there is no genuine issue as to whether a defendant has the authority to act as another defendant's agent, a judge can decide a question of agency as a matter of law.[2]

In *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2001), the court held a document attached to a motion to dismiss could be considered without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiffs claim and (2) undisputed. "Undisputed" means that the authenticity of the document is not challenged. *Id*. The Eleventh Circuit's prior decisions also clarify that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, the court may consider such a document provided it meets the centrality requirement imposed in *Horsely*. *Id*. *See also Harris v. Ivax Corp*., 182 F.3d 799, 802 n.2 (11th Cir. 1999).

---

[2] *See Madio Group Inc. v. Shores*, 897 F. Supp. 1408, 1413 (M.D. Fla. 1995). *See also Peterson v. Celebrity Cruises, Inc.*, 753 F.Supp.2d 1245, 1248 (S.D. Fla. 2010) (granting motion to dismiss actual agency claim as a matter of law); *Fojtasek v. NCL* (Bahamas) Ltd., 613 F.Supp.2d 1351, 1357 (S.D. Fla. 2009) (granting motion to dismiss claims that tour operator was defendant's actual agent based on conclusory allegations in the complaint).

## II.    Maritime Law Does Not Apply to this Action

The sole matter the Court must address before proceeding with a traditional *forum non conveniens* analysis, is whether United States maritime law applies to this case. Because this choice of law question is a threshold issue to determining whether this case should be dismissed for *forum non conveniens*, Plaintiff carries the burden of demonstrating United States maritime law is applicable. *Vasquez v. Yii Shipping Co.*, No. 11-60248-CIV-ALTONAGA/Simonton, 2012 U.S. Dist. LEXIS 174964, at *4 (S.D. Fla. Dec. 10, 2012). The Eleventh Circuit has made clear that "when confronted with making a choice between applying federal maritime law and the law of a foreign country," courts are to examine the *Lauritzen* and *Rhoditis* non-exhaustive list of factors. *Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1174 (11th Cir. 2009).

## III.    The Totality of the Factors Weigh Against the Application of U.S. Law

There is no dispute whatsoever that the accident in question occurred entirely at the Resort in Freeport, Bahamas. At the time of the accident, the Plaintiff was a guest at the Resort, which is unquestionably under the sovereign jurisdiction of the Bahamas. The incident described in Plaintiff's Amended Complaint occurred on land, not on navigable waters. Am. Compl. ¶ 21. The alleged tort did not occur on navigable waterways, was not caused by a vessel in navigation, nor was it committed by a Margaritaville employee. *Id*. As such, this case bears a substantial distinction from *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 893 (11th Cir. 2004) where a Plaintiff cruise line passenger sued defendant cruise line, vessel owner, and two other service providers after she was allegedly raped by a cruise crew member.

Moreover, a correct analysis of private interests for purposes of a motion to dismiss for *forum non conveniens* begins with the elements of the plaintiff's causes of action. A court must then consider the necessary evidence required to prove and disprove each element. Lastly, the

court should make a reasoned assessment as to the likely location of such proof. *Ford v. Brown*, 319 F.3d 1302, 1303 (11th Cir. 2003) ("Perhaps the most important "private interest" of the litigants is access to evidence"). Indeed, the court must scrutinize the substance of the dispute, evaluate what proof is required and determine whether the pieces of evidence cited by the parties are critical or relevant to the plaintiff's claims and to any potential defenses to same. *Tarasewicz v. Royal Caribbean Cruises, Ltd.*, No. 14-CIV-60885, 2015 U.S. Dist. LEXIS 84779, at *42 (S.D. Fla. June 30, 2015); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988). Documentary evidence pertaining to the resort accommodations, policies, design plans, maintenance, security guards, employee records, and the accident investigation are located in the Bahamas. Neither liability witnesses nor relevant documentary evidence are located in Florida. The presence of a considerable number of third-party witnesses in the Bahamas, all of whom are beyond this Court's subpoena power, weighs heavily in favor of dismissal. Lastly, Wyndham Hotels will be prejudiced by their inability to implead Assailant 1.

## IV. Plaintiff's Amended Complaint Should Be Dismissed Under the Doctrine of *Forum Non Conveniens*

Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 506-07 (1947). According to the Eleventh Circuit, to obtain dismissal under the doctrine, "the moving party must demonstrate that (A) an adequate alternative forum is available, (B) the public and private interest factors weigh in favor of dismissal, and (C) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001).

The United States Supreme Court permits the resolution of a *forum non conveniens* issue before issues of subject matter or personal jurisdiction if doing so would serve the interest of

fairness or judicial economy. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1188 (2007); *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) ("A district court... may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness and judicial economy so warrant.").

Wyndham Hotels demonstrated that dismissal is warranted because the Bahamas presents an adequate and available alternative forum, and the public and private factors overwhelmingly support dismissal. Plaintiff's meager rebuttal is that as a U.S. citizen, her forum choice is entitled to strong deference, and the Defendants are Florida corporations with corporate ties to the subject resort, which is simply not the case. Neither point militates against *forum non conveniens* dismissal. Plaintiff has not identified material evidence in Florida or the U.S. other than her bare allegations and has not shown a meaningful connection between Florida and the litigation. Wyndham Hotels, on the other hand, has identified key witnesses and evidence all located in the Bahamas which are pivotal to this litigation.

Although the forum of choice of a United States citizen deserves more deference than the forum choice of a foreign national, the "mere fact that a plaintiff is a United States citizen does not in and of itself, conclusively establish the convenience of a United States forum." *Morse v. Sun Int'l Hotels Ltd.*, 2001 U.S. Dist. LEXIS 23488 (S.D. Fla. 2001)(J. Jordan)(claim of U.S. citizen arising out of jet ski accident in the Bahamas dismissed on basis of *forum non conveniens*). *See also J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co. Ltd.*, 515 F. Supp. 2d 1258, 1270 (M.D. Fla. 2007)(case dismissed in favor of Japan although plaintiffs were U.S. citizens); *Chierchia v. Treasure Cay Services a/k/a Treasure Cay Services, Inc.*, 738 F. Supp. 1386, 1388 (S.D. Fla. 1990)(J. King)(case dismissed in favor of Bahamas where plaintiff was New York resident).

### V.   The Complaint Violates the Pleading Requirements of Fed. R. Civ. P. 8(a) and 10(b)

The Amended Complaint is a classic example of an impermissible shotgun pleading because each count against Wyndham Hotels combines the duties imposed among the multiple defendants. Neither the Court, nor a defendant, nor a jury should be required to disentangle counts which combine and confuse multiple claims. At a minimum, Plaintiff should be required to replead.

### <u>CONCLUSION AND REQUEST FOR RELIEF</u>

For the foregoing reasons, the action should be dismissed. First, this Court should decline to exercise its jurisdiction and should dismiss the action in conformity with the doctrine of *forum non conveniens*. Second, Wyndham Hotels is the wrong defendant as it has undisputedly established that it does now own, manage, control, or operate the subject resort.  Finally, if the Plaintiff is somehow able to overcome the aforementioned arguments, at a minimum, the Amended Complaint should be amended to comply with Fed. R. Civ. P. 8(a) and 10(b).

WHEREFORE, Defendant, Wyndham Hotels & Resorts, LLC, respectfully requests that the Court enter an Order dismissing this lawsuit on the ground of *forum non conveniens* and directing the Plaintiff to commence her action in the Bahamas, or alternatively, dismissing this lawsuit as a shotgun pleading, and for any other relief this Court finds just and proper.

*[Certificate of Service Follows on the Next Page]*

Date: September 3, 2024                    Respectfully submitted,

*/s/ Tyler E. Sanchez*
Armando P. Rubio (Fla. Bar No. 478539)
Michael J. Redondo (Fla. Bar No. 1002566)
Tyler E. Sanchez (Fla. Bar No. 1018171)
Fields Howell LLP
9155 S. Dadeland Blvd., Suite 1012
Miami, FL 33156
Phone: 786.870.5610
Fax: 855.802.5821
arubio@fieldshowell.com
mredondo@fieldshowell.com
Tsanchez@fieldshowell.com

*Attorneys for Defendant, Wyndham Hotels & Resorts, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Electronic Delivery via CM/ECF day to all counsel of record.

*/s/ Tyler E. Sanchez*
Armando P. Rubio (Fla. Bar No. 478539)
Michael J. Redondo (Fla. Bar No. 1002566)
Tyler E. Sanchez (Fla. Bar No. 1018171)
FIELDS HOWELL LLP
9155 S. Dadeland Blvd., Suite 1012
Miami, FL 33156
Phone: 786.870.5610
Fax: 855.802.5821
arubio@fieldshowell.com
mredondo@fieldshowell.com
Tsanchez@fieldshowell.com